UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | CR 18-40138 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
| TYLER BROWN, | |
| Defendant. | |

Tyler Brown ("Brown") filed a pro se motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (Doc. 68.) The government opposes the motion. (Doc. 72.) For the following reasons the motion is denied.

## BACKGROUND

On April 5, 2019, Brown pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(l) and 846. On July 1, 2019, Judge Karen Schreier sentenced Brown to 151 months' imprisonment followed by five years' supervised release. (Doc. 54.) Later, Brown's prison sentence was reduced to 75 months pursuant to Rule 35 of the Federal Rules of Criminal Procedure. (Doc. 57.)

Brown now seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that he has been rehabilitated while in prison and that he has specific plans in place to better himself, his family, and his community upon his release.

Currently, Brown is incarcerated at the federal correctional institution in Pollock, Lousiana (FCI Pollock), which reports 0 confirmed cases of COVID-19 among inmates, and 0 cases among staff. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last reviewed May 8, 2023.) His projected release date is April 18, 2024. Brown is 37 years old.

This Court's Standing Order 20-06, captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(1)(A), in the wake of the spread of the COVID-19 virus into the federal prison system."

(SO 20-06 at p. 1). Under the order, the Federal Public Defender for the Districts of North and South Dakota ("FPD") was automatically "appointed to represent all defendants in criminal cases: (a) who previously were determined to be entitled to appointment of counsel or who are now indigent; and (b) who may be eligible to seek compassionate release under the First Step Act." (*Id.* at ¶ 1.) The standing order required the FPD and the United States Attorney "to place [the defendant] into one of four categories."[1] (*Id.* at ¶ 4.) On September 16, 2022, the FPD and U.S. Attorney filed a Notice of Categorization of Compassionate Release Motion, agreeing that Brown's motion should be categorized as "Low Priority." (Doc. 69.) On that same day, the FPD gave notice of its intent not to submit supplemental briefing on behalf of Brown.

## DISCUSSION

Title 18, § 3582(c)(1)(A)(i), known as the "compassionate release provision" of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to passage of the First Step Act in 2018, compassionate release requests came to the Court "upon motion of the Director of the Bureau of Prisons." *United States v. Rodd*, 966 F.3d 740, 745 (8th Cir. 2020). Now, a defendant may bring his or her own motion with the Court if administrative remedies have been exhausted. *Id.* at 744.

### I. Administrative Exhaustion

A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*." 18 U.S.C. §

---

[1]   Standing Order 23-02 revised the procedure for compassionate release motions. The new standing order does not require the FPD and the U.S. Attorney to categorize the motion.

[2] 18 U.S.C. § 3582(c)(1)(A)(ii) does not apply because Brown is 37 years old. He would need to be at least 70 years old to qualify for compassionate release consideration under Section (ii).

3582(c)(1)(A) (emphasis added). Judge Schreier denied Brown's first two motions for compassionate release for failure to exhaust administrative remedies. Brown attached as an exhibit to his pending motion a copy of what appears to be a request for compassionate release to the warden at FCI Pollock. (Doc. 68-1.) The United States does not challenge administrative exhaustion for the pending motion because, it argues, Brown has failed to demonstrate extraordinary and compelling reasons for his release. (Doc. 72 at pp. 2–3.) Accordingly, the Court will address the merits of Brown's request.[3]

As an initial matter, the Court will address Brown's reply to the government's arguments in opposition to his motion for compassionate release. (Doc. 73.) There, Brown asks for release to a halfway house or to be placed in home confinement. (*Id.*) However, the Court does not have authority to grant such relief. *See Miller v. Whitehead*, 527 F.3d 752, 754 (8th Cir. 2008) (recognizing in action brought pursuant to 28 U.S.C. § 2241 that BOP has the authority to designate the place of a prisoner's confinement); *United States v. Brummett*, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("the authority to grant home confinement remains solely with the Attorney General and the BOP") (citing Pub. L. No. 116-136, 134 Stat. 281 (2020) and 18 U.S.C. § 3624(c)(2)). As one court has recognized:

> The BOP has exclusive authority to determine the placement of inmates. See 18 U.S.C. §3624(c)(2). As many courts have noted, the CARES Act widens the ability of the BOP to grant inmates home confinement, but it does not give federal courts jurisdiction to order alternative placements. *See United States v. Blaylock*, 2020 WL 4344915, at *3, 2020 U.S. Dist. LEXIS 95002, at *9 (W.D. Ark. June 1, 2020) ("Nothing in section 3624, the FSA, or the CARES Act gives the Court the authority to order a prisoner's placement on home confinement."); *United States v. Walker*, 2020 U.S. Dist. LEXIS 85138, at *3, 2020 WL 2490101, at *2 (D. Minn. May 14, 2020) ("the BOP has exclusive authority to determine the placement of prisoners. See 18 U.S.C. § 3624(c)(2). Neither the CARES Act nor the FSA alters this authority.") *United States v. McCann*, 2020 U.S. Dist. LEXIS 67853, at *7, 2020 WL 1901089, at *3 (E.D. Ky. April 17, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement."). Thus, this Court does not have jurisdiction to alter Gonzalez's confinement under the CARES Act.

---

[3] The Eighth Circuit has held that exhaustion under § 3582(c)(1)(A) "is a mandatory claim-processing rule" that must be enforced if the opposing party properly raises it. *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021). *See also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release," but rather is "a claim processing rule that may be waived or forfeited by the government").

*Gonzalez v. Yates*, 2021 WL 2556182, at *4 (E.D. Ark. May 25, 2021).

## II. Extraordinary and Compelling Reasons

To be eligible for compassionate release, a prisoner must show that "extraordinary and compelling reasons" warrant such a reduction in sentence and that the reduction is "consistent with applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Congress did not define what constitutes "extraordinary and compelling reasons." Congress elsewhere required the Commission to issue a policy statement "regarding . . . the appropriate use" of Section 3582(c), to include "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied." 28 U.S.C. § 994(a)(2)(C), (t). The Sentencing Commission was not able to update its policy statements related to compassionate release to clarify what extraordinary and compelling might mean under the First Step Act because it lacked a quorum from 2019 to 2022. In 2020, the Eighth Circuit observed that since the Sentencing Commission lacked a quorum to amend the Sentencing Guidelines, it seemed unlikely there would be a policy statement applicable to compassionate release motions brought by defendants in the near future. *See Rodd*, 966 F.3d at 746 n.7 (citing *United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019)). *See also United States v. Long*, 997 F.3d 342, 355 (D.C. Cir. 2021) ("The [Sentencing] Commission, in fact, has issued no policy statement applicable to the First Step Act because it has lacked a quorum since shortly after that Act's passage."). Thus, the Commission's Guidelines, formulated before the First Step Act was passed and well before the COVID-19 pandemic, still address motions for compassionate release being considered by the BOP Director. The Eighth Circuit has declined to take a position on whether § 1B1.13 applies to defendant-filed motions for compassionate release.[4] *See, e.g.,*

---

[4] The Second Circuit ruled that compassionate release motions brought by prisoners pursuant to the First Step Act are not limited by the Sentencing Commission's guidance in U.S.S.G. § 1B1.13. *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). The Second Circuit held that with respect to applications brought by prisoners rather than by the Bureau of Prisons, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. Further, "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id.* At least seven other circuit courts have agreed with the Second Circuit's holding in *Brooker*. *See United States v. Long*, 997 F.3d 342 (D.D.C. 2021) (listing cases) (holding that district court deciding motion for compassionate release committed plain error by applying Section 1B1.13 of the Sentencing Guidelines - - Section

*Rodd*, 966 F.3d at 747 ("We need not determine whether the district court erred in adhering to the policy statement in § 1B1.13. The district court knew its discretion.").

The Sentencing Commission finally has regained a quorum and proposed new amendments, but the proposed amendments have not yet taken effect. *See* ussc.gov ("On April 27, 2023, the Commission delivered guideline amendments to Congress for its 180-day review period. The 2023 amendments are slated to take effect on November 1, 2023 absent congressional action to the contrary.")   In an opinion issued on April 25, 2023, the Eighth Circuit noted that "[t]he Sentencing Commission's recently published proposed amendment to § 1B1.13 . . . should resolve any doubt it continues to be an "applicable policy statement.' " *See United States v. Rodriguez-Mendez*, --- F.4th --- , 2023 WL 3067050 (8th Cir. April 25, 2023).

The Eighth Circuit has held that district courts have broad discretion when deciding whether to grant relief under § 3582(c)(1)(A). *See, e.g., United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (stating the passage of the First Step Act in 2018 did not change the discretion afforded the district court); *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) (noting the district court's "broad discretion" when considering compassionate release motions). This Court will consider § 1B1.13 and its commentary to inform the exercise of its discretion in this case.

In Application Note 1 to § 1B1.13, the Sentencing Commission defined four categories of circumstances that meet the definition of extraordinary and compelling. The first category— "medical condition of the defendant"—allows relief for "a serious physical or medical condition" that "substantially diminishes" the ability for self-care. *Id.* at § 1B1.13 cmt. n.1(A)(ii). The second category—"age of the defendant"—explains that deterioration due to age is extraordinary and compelling even if it does not diminish the ability for self-care as long as the defendant is at least 65 years old and has served the lesser of 10 years or 75 percent of his sentence. *Id.* at § 1B1.13 cmt. n.1(B). The third category—"family circumstances"—allows relief if a defendant becomes the only potential caregiver for a minor child or for a spouse. *Id.* at § 1B1.13 cmt. n.1(C). And the catch-all "other reasons" category states, "Other Reasons.—As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or

---

1B1.13 is not an "applicable policy statement" within the meaning of 18 U.S.C. § 3582(c)(1)(A) "because it predates the First Step Act and so speaks only to motions for compassionate release filed by the Director of the Bureau of Prisons").

in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at § 1B1.13 cmt. n.1(D).

Brown does not allege that he has any medical condition that would support his release.[5] Nor does he argue that any age-related or family circumstances call for his release. Thus, the first three categories in § 1B1.13 do not apply here. Brown asserts that he has completed various educational programs. After careful review of all of Brown's filings, the Court interprets Brown's primary argument in support of compassionate release is his rehabilitation while in prison, potentially falling under the catch-all "other reasons" category under § 1B1.13 cmt. n.1(D).

It is important to note at the outset that "Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief." *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (quoting 28 U.S.C. § 994(t)). Courts in the Eighth Circuit have held that rehabilitation alone is not sufficient basis for granting relief. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) (holding, "[p]risoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves.... [T]here is nothing 'extraordinary and compelling' about a prisoner who simply does the things that prisoners are supposed to do."); *United States v. Brown*, 411 F. Supp. 3d 446, 452 (S.D. Iowa 2019) (reaffirming that even though Congress left

---

[5] Almost every motion for compassionate release before this Court has relied on the COVID-19 pandemic as a basis for showing an extraordinary and compelling reason to grant the motion. To be certain that Brown's health and COVID-19 are not reasons for compassionate release, the Court reviewed Brown's prison medical records which were provided to the Court pursuant to Standing Order 20-06. (Doc. 71.) Brown's documented health problems include joint problems, dental issues, headaches, and vertigo. There is no indication that he has a medical condition that would warrant compassionate release. In fact, Brown's records show that he is a relatively fit and physically active man in his late 30's. According to his medical records, Brown tested positive for COVID-19 in December of 2020, and it appears that he was asymptomatic. (Doc. 129 at pp. 93, 104, 123, 135-137.) This undercuts any suggestion that he is particularly susceptible to extreme illness or death from COVID-19. Moreover, the medical records show that Brown has received two vaccinations against COVID-19, which dramatically reduces the risks posed by the disease. "[A] defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). In addition, at only 37 years old, Brown is not of an age that makes him more vulnerable to COVID-19. The Eighth Circuit has stated that "the threat of contracting COVID-19 in the prison environment, still real at this time, is not by itself sufficient reason to modify a lawfully imposed prison sentence." *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021). Thus, any general concerns about COVID-19 are not a basis for compassionate release in this case.

the definition of extraordinary and compelling reasons undefined, it made clear that rehabilitation alone does not suffice).

Even if rehabilitation alone was a reason for compassionate release, the Court finds that Brown's post-conviction rehabilitative efforts are not "extraordinary and compelling." In his motion, Brown indicates that he has taken more classes than the average person in order to further his education while in prison.[6] (Doc. 68.) He plans to attend truck driving school and start a shipping company upon his release. (*Id.*) Brown explains that he had some success in business and was a leader in his community before he became involved with drugs. (Doc. 68 and Doc. 68-1.) He wants to be present and active in the lives of his three children. (*Id.*) Brown's sister wrote a letter on his behalf, explaining that Brown is welcome to live with her and her family upon his release. (Doc. 70.) Brown's father also states that he will assist Brown when he is released, including providing a vehicle for transportation. (Doc. 74.) Both family members expressed their belief in Brown and in his plans. In a supplemental filing related to his motion, Brown indicates that he has accrued credit toward time served under the First Step Act. (Doc. 75.) He states that he will be transferred to a lower security facility due to good behavior. (*Id.*) Brown asks the Court to consider this information in ruling on his motion.

The Court commends Brown's self-improvement efforts and good behavior while incarcerated and is hopeful that these efforts will serve him well in the future. In addition, family support will help Brown succeed upon his release from prison. However, the number of types of classes Brown has taken are not extraordinary when compared to other defendants that have been before this Court seeking compassionate release. In sum, Brown has not shown "extraordinary and compelling" reasons that warrant a sentence reduction under § 3582(c)(1)(A).

### III. Statutory Sentencing Factors

If "extraordinary and compelling reason" existed for compassionate release, the Court would then need to consider the § 3553(a) factors and any relevant post-conviction conduct before

---

[6] Brown attached to his motion a list of classes he has completed in prison. (doc. 68-1 at pp. 1-2.) Brown took most of the classes from 2010 to 2016 while he was serving a prior sentence for conspiracy to distribute crack cocaine. The sentence in this case was imposed on July 1, 2019. During his incarceration for the instant offense. Brown has taken eight hours of "Rec Aides Training," and several anger management and brain health as you age classes. (Doc. 68-1, pp. 1-2.) The record does not reveal what the "Key Train" for "ACT Work Keys" class involved. (*Id.* at p. 2.)

modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court also must consider "the need for the sentence imposed to promote respect for the law ...; to afford adequate deterrence to criminal conduct; ... [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The statutory sentencing factors direct the Court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

Because Brown has not stated any reason for compassionate release that is extraordinary and compelling, the Court does not need to consider the 18 U.S.C. § 3553(a) factors. But even if extraordinary and compelling reasons for compassionate release or a reduced sentence existed, granting relief to Brown would not comport with the factors enumerated in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

The instant offense involved a large-scale conspiracy to distribute methamphetamine. Brown's criminal history includes prior drug convictions and a bank fraud conviction. Prior to his conviction in this case, a jury convicted Brown of conspiracy to distribute 50 grams or more of crack cocaine on May 28, 2009. *See* CR 07-40055. On April 9, 2010, this Court sentenced Brown to 120 months' custody and five years of supervised release for the crack cocaine conspiracy. (*Id.*, Doc. 1837.) Brown was on supervised release for the crack cocaine conspiracy conviction when he committed the instant offense. In this case, Brown's 151-month prison sentence was at the bottom of the guideline range. Later, Brown received a reduction to 75 months for his cooperation, a sentence which is well below the mandatory minimum sentence of ten years.

The Court has thoroughly reviewed the record in this case in light of all § 3553(a) sentencing factors and concludes that a reduced sentence would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

The Court finds that extraordinary and compelling circumstances do not exist. Accordingly,

**IT IS ORDERED** that defendant Tyler Brown's Motion for Compassionate Release is denied. (Doc. 68.)

8

Dated this ___ day of May, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK